# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| JOHN ARTHUR BRIDGES, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALLEN COUNTY SHERIFF )<br>DEPT., RICHARD W. )<br>KARCHER, AND MR. )<br>ECENBARGER, )<br>)<br>Defendants. | CAUSE NO. 3:17-CV-116 |

## OPINION AND ORDER

This matter is before the Court on a complaint filed by John Arthur Bridges, Jr., a pro se prisoner, on February 6, 2017. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

DISCUSSION

Bridges alleges that he was detained in the Allen County Jail for more than 72 hours after his arrest without being brought before a judge or magistrate. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S.

89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, a court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, it is clear that all of the defendants were acting under color of State law, but it is equally clear that none of them deprived him of a federal constitutional right.

Bridges was arrested without a warrant on Tuesday, February 3, 2015. *Bridges v. State*, 55 N.E.3d 392 (Ind. Ct. App. 2016) (table). His probable cause hearing was held the next day on Wednesday, February 4, 2015. *State v. Bridges*, 02D04-1502-MC-261 (Allen Superior Court filed February 4, 2015), *available at* https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkN hc2VUb2tlbiI6IllXUXdNREV5TnpFNE1ESXdPamcxTnpNNU5qQXlOams9In19. He was charged with six criminal counts on the following Monday, February 9, 2015. *State v. Bridges*, 02D04-1502-F2-5 (Allen Superior Court filed February 9, 2015), *available at* https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkN hc2VUb2tlbiI6IlkyTXdNREV5TnpFNE1ESXdPak0yT1RJd056QXlOVE09In19. He

appeared before a judge at his initial hearing two days later on Wednesday, February 11, 2015. *Id*.

Bridges argues that it violated his constitutional rights for the defendants to have not brought him before a judge or magistrate within 72 hours of his arrest. However there is no such constitutional requirement.

> Our cases have established that "the Fourth Amendment governs the period of confinement between arrest without a warrant and the preliminary hearing at which a determination of probable cause is made, while due process regulates the period of confinement after the initial determination of probable cause." Here, although officers arrested Holloway without a warrant, there is no dispute that Holloway had a probable cause determination within forty-eight hours of his arrest as required by *Gerstein v. Pugh*. Thus, Holloway's case rests on whether the Sheriff violated the Due Process Clause of the Fourteenth Amendment. When a plaintiff brings a § 1983 claim under the Due Process Clause, "the question is whether an executive abuse of power shocks the conscience."

*Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1068–69 (7th Cir. 2012) (citations omitted).

Here, Bridges had a probable cause hearing the day after he was arrested so there is no Fourth Amendment violation. Though he was not there, probable cause "traditionally has been decided by a magistrate in a nonadversary proceeding on hearsay and written testimony, and the Court has approved these informal modes of proof." *Gerstein v. Pugh*, 420 U.S. 103, 120 (1975). Criminal charges were filed against Bridges only six days after he was arrested, and he had his initial hearing on the eighth day. In

3

*Holloway*, the court found that "nine days in jail without being charged with a crime [did not] violate[] the Due Process Clause of the Fourteenth Amendment." *Holloway v. Delaware Cty. Sheriff*, 700 F.3d 1063, 1068 (7th Cir. 2012). Therefore, there was no Fourteenth Amendment violation based on the facts in this case.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

CONCLUSION

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**DATED: February 9, 2017**　　　　　　　　　　**/s/RUDY LOZANO, Judge**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Court**